### DR. E. MASON'S ADMX. *v.* THOMAS E. MASON.

[Abstract Kentucky Law Reporter, Vol. 3—397.]

**Statute of Limitations.**

Where a devisee has refused to qualify, though appointed executor, and without administration takes the estate into his hands, he can not rely on the statute of limitations to defeat a claim of another legatee against him for his portion of said estate.

### APPEAL FROM LOGAN CIRCUIT COURT.

November 22, 1881.

OPINION BY JUDGE LEWIS:

It is admitted that E. C. Mason, upon a settlement of his accounts as executor of George Mason, deceased, in 1866, had in his hands a balance of the legacy going to appellee. It also appears that D. A. Mason received, as devisee of her husband, E. C. Mason, estate more than sufficient to pay the amount due to the appellee. As there is not sufficient evidence to show it ever was paid over to him the only question for this court to consider is whether the recovery of it is now barred by limitation.

By Gen. Stat. (1879), Ch. 71, Art. 4, § 7, relied upon by counsel, it is provided that "No action upon a cause which accrued against a deceased person in his life-time shall, when his estate has been distributed and divided, be brought against his heirs or devisees, jointly with his personal representative, after the expiration of seven years from his death."

In this case there does not appear to have been a personal representative who qualified; nor has the estate of E. C. Mason, deceased, been distributed or divided in the meaning of the law;

nor is the action against the heir or devisee jointly with a personal representative of the estate. Consequently the section referred to does not apply.

If, as is provided in § 6, same article, a personal representative who has qualified can not plead limitation to an action brought against him after the expiration of seven years from the date of his qualification, unless he has, before the action is brought, settled his accounts and made distribution of the whole assets in his hands, certainly a devisee who has refused to qualify, though appointed executor, and without administration taken the estate into his own hands, should not be permitted to do so. To allow the plea of limitations to avail in this case would be giving preference to those who evade the law.

Wherefore the judgment is *affirmed.*

*J. H. Bowder, R. S. Bevier, W. F. Browder, for appellant.*

*A. G. Rhea, for appellee.*